[Cite as *Bednarz v. Henderson Family Ents., Ltd.*, 2026-Ohio-2570.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

MAUREEN BEDNARZ et al.,

Plaintiffs-Appellees,

v.

HENDERSON FAMILY ENTERPRISES, LTD., et al,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 HA 0002

---

Application for Reconsideration
Enbanc Consideration

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Jeffrey J. Bruzzese*, Bruzzese, Hanlin & Bruzzese, LLC, for Plaintiffs-Appellees and

*Atty. Jon A. Troyer*, Arnold Gruber, Ltd., for Defendants-Appellants and

*Atty. Matthew W. Onest,* Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A. for Defendants-Appellees.

**Dated: July 1, 2026**

**PER CURIAM.**

{¶1}  Henderson Family Farm Enterprises, Ltd. and Stuart Henderson, Jr. (collectively the Hendersons) seek reconsideration and en banc consideration of this court's April 9, 2026 opinion in *Bednarz v. Henderson Family Ents., Ltd.*, 2026-Ohio-1297 (7th Dist.).  John F. Means and Patricia Doxzen oppose.  Both applications are denied.

<u>Application for Reconsideration</u>

{¶2}  App.R. 26(A)(1) permits a party to file an application for reconsideration after an appeal.  An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 2006-Ohio-1026, ¶ 2 (10th Dist.), citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996).  Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.).

{¶3}  The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. State Bd. of Edn.*, 2019-Ohio-1540, ¶ 3 (10th Dist.), *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Edn.*, 2021-Ohio-3445; *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

{¶4}  The Hendersons claim this court made six obvious errors in our decision, which include:  standing must be considered before determining the effectiveness of abandonment; we erred by finding the abandonment void ab initio; the Hendersons did not waive any time limit arguments; no party preserved their rights within sixty days of receiving actual notice; there is no evidence in the record with the necessary dispositive dates; and all plaintiffs assigned the right to sue.

{¶5}  The Hendersons also identify three issues this court allegedly did not consider in our decision, which include:  no party preserved their alleged rights within sixty days of receiving actual notice; *Cardinal I* was not considered; and *Ohio River* and *Cardinal I* were not distinguished.

<u>Case No. 25  HA 0002</u>

**{¶6}** Finally, the Hendersons identify one issue they contend was not fully considered in our decision. They assert we did not accurately distinguish our prior decision in *Moore v. SWN Prod. Co., LLC*, 2024-Ohio-5517 (7th Dist.). For the following reasons, none of the Hendersons' contentions demonstrate reopening is warranted.

**{¶7}** To the extent this court considered the merits of their abandonment argument on appeal before standing, we agree standing is a threshold issue. Nevertheless, the Henderson's first assignment of error challenged the trial court's abandonment and reasonable diligence determinations. Thus, we addressed this assigned error in the order it was raised—before the Henderson's second assigned error, which challenged standing. *Id*. at ¶ 82.

**{¶8}** Further, while this court did not set forth a lengthy analysis of the Henderson's standing argument, we acknowledged and applied our prior decisions. Since the instant case involves mineral holders whose ownership predated the abandonment undertaking, *Cardinal Minerals, LLC v. Miller*, 2024-Ohio-2133 (7th Dist.), is distinguishable. These facts were detailed under the first assigned error. *Id*. at ¶ 77. Holders in existence before the abandonment undertaking retain standing. *Cardinal Minerals* at ¶ 23-29.

**{¶9}** And in *Ohio River,* we held the record chain of title showed abandonment was complete before the transfers of the interest to Ohio River occurred. Thus, Ohio River, as a subsequent purchaser of record of an abandoned mineral right, lacked standing to challenge the abandonment process. *Ohio River Resources, LLC v. Westfall*, 2025-Ohio-2379, ¶ 65-66 (7th Dist.). Consequently, *Ohio River* is also distinguishable.

**{¶10}** As for the Henderson's abandonment arguments, including the failure to file a claim to preserve and our application of *Moore v. SWN Prod. Co., LLC*., these arguments were raised and considered in our opinion. *Bednarz* at ¶ 57-80. The Hendersons merely disagree with this court's conclusions. Because the Hendersons do not identify an obvious error in our decision or raise an issue we either did not consider or that we did not fully consider, their application for reconsideration is denied.

<u>Application for En Banc Consideration</u>

**{¶11}** En banc consideration is governed by App.R. 26(A)(2), which states:

(2) En banc consideration

(a) Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. . . . Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.

(b) The en banc court may order en banc consideration sua sponte. A party may also make an application for en banc consideration. An application for en banc consideration must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions.

**{¶12}** Under this rule, applications for en banc consideration progress through three-steps: "(1) a party files the application, (2) a determination is made regarding whether an intradistrict conflict exists, and (3) if a conflict is found, a majority of the full court may order en banc consideration of the case. App.R. 26(A)(2)(a) and (b)." *State v. Forrest*, 2013-Ohio-2409, ¶ 8.

An en banc proceeding is one in which all full-time judges of a court who have not recused themselves or otherwise been disqualified participate in the hearing and resolution of a case. . . . The purpose of en banc proceedings is to resolve conflicts of law that arise within a district. . . . These intradistrict conflicts develop when different panels of judges hear the same issue, but reach different results. . . . This "create[s] confusion for lawyers and litigants and do[es] not promote public confidence in the judiciary." *. . .* Resolution of intradistrict conflicts promotes uniformity and predictability in the law, and a larger appellate panel provides the best possible means of resolution.

(Citations omitted.) *State v. Forrest*, 2013-Ohio-2409, ¶ 8.

**{¶13}** The Hendersons insist our decision conflicts with this court's prior decisions in the *Cardinal Mineral* and *Ohio River* cases on the issue of standing.  As explained

Case No. 25  HA 0002

herein however, these cases are factually distinguishable since both involved only a plaintiff who was a post-abandonment purchaser of the mineral interest.

{¶14} As we explained, *Moore v. SWN* is likewise distinguishable. In that case, the affidavit detailed the attorney's undertakings, and there was no evidence showing further efforts would have resulted in better addresses for the prior holders of the interests. In this case, however, the Henderson's affidavit does not identify what search efforts were made and there was record evidence showing addresses could be found via a search of the Stark County public records. *Bednarz* at ¶ 72-77.

{¶15} Accordingly, no intradistrict conflict exists and en banc consideration is not warranted. The Henderson's application is denied.


**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.